IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5: 22-cv-00491-BO-RN

| | | |
|---|---|---|
| CRISTOBAL LOPEZ LOPEZ and GILBERTO FLORES LOZANO, on behalf of themselves and all similarly situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BOYKIN FARMS, INC., RHODES FARMING LLC, WILLIE C. BOYKIN, III, MATTHEW Z. RHODES, TONY C. LEE, d/b/a LEE AND SONS FARMS, CAMERON LEE, d/b/a LEE AND SONS FARMS, and CLINT LEE, d/b/a LEE AND SONS FARMS, | ) ) ) ) ) ) ) ) ) ) | **ANSWER** |
| Defendants. | ) ) | |

Defendants Boykin Farms, Inc., Rhodes Farming, LLC, Willie C. Boykin, III, Matthew Z. Rhodes, Tony C. Lee, Cameron Lee, Clint Lee and Lee and Sons Farms (collectively "Defendants"), by and through undersigned counsel, respond to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1.  Defendants admit that the two named plaintiffs worked in the North Carolina during at least the 2020 and 2021 agricultural seasons through the H-2A visa program. Except as expressly admitted, these allegations are denied.

2.  The allegations in Plaintiffs' Complaint speak for themselves.

Defendants deny that Plaintiffs are entitled to relief on these claims.

3. The allegations in Plaintiffs' Complaint speak for themselves. Defendants deny that Plaintiffs are entitled to relief on these claims.

4. The allegations in Plaintiffs' Complaint speak for themselves. Defendants deny that Plaintiffs are entitled to the relief set out in this paragraph of the Complaint.

5. Defendants admit that this Court has jurisdiction over the federal questions set out in Plaintiffs' Complaint. Except as expressly admitted, these allegations are denied.

6. Denied.

7. Defendants admit that this Court has the power to issue declaratory judgments. Defendants deny that Plaintiffs are entitled to a declaratory judgment in this action.

8. Defendants admit that venue is proper in the United States District Court for the Eastern District of North Carolina. Except as expressly admitted, these allegations are denied.

9. Defendants admit that Plaintiff Cristobal Lopez Lopez ("Plaintiff Lopez") was admitted to the United States on a temporary basis by way of a visa issued pursuant to 8 USC § 1101(a)(15(H)(ii)(a) (the "H-2A Program") to perform agricultural labor in 2020 and 2021 and that Plaintiff Lopez performed labor for one or more of the Defendants during one or both of those years. Except as expressly admitted, these allegations are denied.

10.     Defendants admit that Plaintiff Gilberto Flores Lozano ("Plaintiff Flores") was admitted to the United States on a temporary basis by way of a visa issued pursuant to the H-2A Program to perform agricultural labor in 2020 and 2021 and that Plaintiff Flores performed labor for one or more of the Defendants during one or both of those years. Except as expressly admitted, these allegations are denied.

11.     Admitted, on information and belief, as to the two named Plaintiffs. Otherwise, these allegations are denied for lack of information and belief.

12.     Defendants admit that the two named Plaintiffs in this action were employed by at least one of the Defendants during the 2020 and 2021 agricultural seasons. Except as expressly admitted, these allegations are denied for lack of information and belief.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Denied.

17.     Admitted.

18.     Denied.

19.     Admitted.

20.     Denied.

21.     Admitted.

22.    Denied.

23.    Admitted.

24.    Denied.

25.    Admitted.

26.    Defendants admit that Boykin Farms, Inc. has been an employer of H-2A workers at certain times in the past. It is denied, for lack of information and belief, that Boykin Farms, Inc. employed the named Plaintiffs for any substantial period of time, if at all, during the period of time at issue in this lawsuit.

27.    Admitted.

28.    Admitted.

29.    Admitted.

30.    Defendants admit that Rhodes Farming, LLC has been an employer of H-2A workers at certain times in the past. It is denied, for lack of information and belief, that Rhodes Farming, LLC employed the named Plaintiffs for any substantial period of time, if at all, during the period of time at issue in this lawsuit.

31.    Admitted.

32.    Admitted.

33.    Admitted.

34.    Defendants admit that Lee and Sons employed H-2A workers, including the two named Plaintiffs, during the 2020 and 2021 agricultural

seasons. Except as expressly admitted, these allegations are denied.

35.    Admitted.

36.    Admitted.

37.    Admitted.

38.    Lee and Sons Farms, Boykins Farms, and Rhodes Farming admit that they are farmers and that they have employed workers through the H-2A Program during certain periods of time. Except as expressly admitted, these allegations are denied.

39.    Defendants admit that Lee and Sons, Boykins Farms, and/or Rhodes Farming employed the two named Plaintiffs during the 2020 and 2021 agricultural seasons. Except as expressly admitted, these allegations are denied.

40.    Admitted.

41.    Admitted.

42.    The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the regulations are therefore denied. Except as expressly admitted, these allegations are denied.

43.    The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the

terms of the regulations are therefore denied. Except as expressly admitted, these allegations are denied.

44.     Admitted.

45.     The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the regulations are therefore denied. Except as expressly admitted, these allegations are denied.

46.     Defendants admit that an agricultural employer must submit an Application for Temporary Employment Certification as part of the process of bringing workers into the United States through the H-2A Program and that the US Department of Labor must approve the agricultural employer's application. Except as expressly admitted, these allegations are denied.

47.     The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the regulations are therefore denied. Except as expressly admitted, these allegations are denied.

48.     The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the regulations are therefore denied. Except as expressly admitted,

these allegations are denied.

49.    Admitted.

50.    The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the regulations are therefore denied. Except as expressly admitted, these allegations are denied.

51.    The allegations of this Paragraph of Plaintiffs' Complaint make legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that they took any "[u]ndisclosed or authorized deductions or kickbacks" from the named Plaintiffs. Except as expressly admitted, these allegations are denied.

52.    The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the regulations are therefore denied. Except as expressly admitted, these allegations are denied.

53.    The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the regulations are therefore denied. Except as expressly admitted, these allegations are denied.

54.     The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the regulations are therefore denied. Except as expressly admitted, these allegations are denied.

55.     The allegations of this Paragraph of Plaintiffs' Complaint reference federal regulations that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the regulations are therefore denied. Except as expressly admitted, these allegations are denied.

56.     The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, these allegations are denied.

57.     The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, denied, including all sub-parts.

58.     The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best

evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, these allegations are denied.

59. The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, denied, including all sub-parts.

60. The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, these allegations are denied.

61. The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, denied, including all sub-parts.

62. The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted,

denied.

63.     The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content.  Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, denied.

64.     Defendants admit that attorney Andrew Jackson has provided legal services to them at various times but object to providing information about specific services provided by Mr. Jackson based on the attorney-client privilege.

65.     Denied.

66.     Denied for lack of information and belief.

67.     Defendants admit that they provided a copy of the applicable clearance order(s) to persons who worked for them through the H-2A Program. Except as expressly admitted, these allegations are denied.

68.     Denied for lack of information and belief.

69.     Denied for lack of information and belief.

70.     Defendants admit, on information and belief, that the two named Plaintiffs paid the cost of their own H-2A visas for the 2020 and 2021 agricultural seasons, and that both of them were ultimately reimbursed in full for those visa costs. Except as expressly admitted, these allegations are denied.

71.     Denied for lack of information and belief.

72.     Denied for lack of information and belief.

73.     Defendants admit, on information and belief, that the two named Plaintiffs were transported from the US/Mexico border to North Carolina and that this cost was paid by one or more of the Defendants. Defendants also admit, on information and belief, that both Plaintiffs would have paid a $6 border crossing fee each time they entered the United States from Mexico, and admit that both named Plaintiffs were ultimately reimbursed in full for any border-crossing fees paid. Except as expressly admitted, these allegations are denied

74.     Defendants admit, on information and belief, that the named Plaintiffs paid for their own meals during travel from Mexico to North Carolina. Defendants also admit, on information and belief, that both of named Plaintiffs were ultimately reimbursed in full for meal expenses during their travel from Mexico to North Carolina to the extent required by law. Except as expressly admitted, these allegations are denied.

75.     Defendants admit that the named Plaintiffs were not fully reimbursed for all inbound travel expenses during their first workweek in the 2020 and 2021 agricultural seasons. Defendants further admit, however, that both Plaintiffs were fully reimbursed for all inbound travel expenses at some time during the 2020 and 2021 agricultural seasons. Except as expressly admitted, these allegations are denied.

76.    Denied as stated.

77.    Defendants admit that the named Plaintiffs were paid on a piece rate basis at certain times.  Except as expressly admitted, these allegations are denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Defendants admit that transportation to a store to allow the purchase of food and other items was provided to the named Plaintiffs and other H-2A workers in compliance with applicable law and at no cost to the workers.  Except as expressly admitted, these allegations are denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Defendants did not make these deduction or charges and so this allegation is denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.     Denied for lack of information and belief.

93.     Denied for lack of information and belief.

94.     Denied.

95.     Defendants admit that transportation to a store to allow the purchase of food and other items was provided to the named Plaintiffs and other H-2A workers, in compliance with applicable law and at no cost to the workers.  Except as expressly admitted, these allegations are denied.

96.     Denied as stated.

97.     Denied as stated.

98.     Denied for lack of information and belief.

99.     Denied.

100.    Denied.

101.    Denied for lack of information and belief.

102.    The allegations in Plaintiffs' Complaint speak for themselves. Defendants deny that Plaintiffs are entitled to relief on these claims.

103.    The allegations in Plaintiffs' Complaint speak for themselves. Defendants deny that Plaintiffs are entitled to relief on these claims.

104.    Denied for lack of information and belief.

105.    Denied.

106.    The allegations in Plaintiffs' Complaint speak for themselves. Defendants deny that Plaintiffs are entitled to relief on these claims.

107.    The allegations in Plaintiffs' Complaint speak for themselves.

Defendants deny that Plaintiffs are entitled to relief on these claims.

108. Denied.

109. Denied.

110. Denied.

111. Denied for lack of information and belief.

112. Defendants admit that most or all of the workers who worked for any of them during the 2020 through 2022 agricultural seasons were from Mexico. Except as expressly admitted, these allegations are denied for lack of information and belief.

113. Denied for lack of information and belief.

114. Denied for lack of information and belief.

115. Denied.

116. Denied for lack of information and belief.

117. Denied for lack of information and belief.

118. It is admitted that Plaintiffs' attorneys are experienced litigators who regularly file lawsuits like this against farmers. Except as expressly admitted, these allegations are denied for lack of information and belief.

119. Denied for lack of information and belief, including all sub-parts.

120. Denied.

121. Denied.

122. Denied.

123.  Denied for lack of information and belief.

124.  Denied for lack of information and belief.

125.  Denied.

126.  Denied for lack of information and belief.

127.  Denied for lack of information and belief.

128.  Denied for lack of information and belief.

129.  It is admitted that Plaintiffs' attorneys are experienced litigators who regularly file lawsuits like this against farmers. Except as expressly admitted, these allegations are denied for lack of information and belief.

130.  Denied for lack of information and belief, including all sub-parts.

131.  The allegations in Plaintiffs' Complaint speak for themselves. Defendants deny that Plaintiffs are entitled to relief on these claims.[1]

132.  Defendants admit that consent to sue documents purportedly signed by the two named Plaintiffs were filed with the Complaint in this action. Except as expressly admitted, these allegations are denied.

133.  Denied.

134.  Denied.

135.  Denied as stated.

136.  Denied.

---

[1] Beginning immediately before Paragraph 131 of the Complaint and continuing in each "Claim for Relief", Plaintiffs incorporate by reference prior allegations in unnumbered paragraphs. Defendants also re-allege and incorporate by reference their responses to all paragraphs of Plaintiffs' Complaint before Paragraph 131 in their responses to all of the claims for relief.

137. Denied.

138. Denied.

139. Denied.

140. Denied as stated.

141. Denied.

142. Denied.

143. The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, these allegations are denied.

144. The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, these allegations are denied.

145. The allegations of this Paragraph of Plaintiffs' Complaint reference written documents that speak for themselves and are the best evidence of their content. Any allegations that are inconsistent with the terms of the documents are therefore denied. Except as expressly admitted, these allegations are denied.

146. Denied.

147.    Denied.

148.    Denied.

149.    The allegations in Plaintiffs' Complaint speak for themselves. Defendants deny that Plaintiffs are entitled to relief on these claims.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    The allegations in Plaintiffs' Complaint speak for themselves. Defendants deny that Plaintiffs are entitled to relief on these claims

155.    Denied.

156.    Denied for lack of information and belief.

157.    Defendants admit that Plaintiffs have made a demand for a jury trial as to at least certain issues. Except as expressly admitted, these allegations are denied.

ALL ALLEGATIONS IN PLAINTIFFS' COMPLAINT NOT EXPRESSLY ADMITTED ARE DENIED.

## **FIRST DEFENSE**

To the extent that the named Plaintiffs or any of the persons they seek to represent in this action abandoned their jobs during the term of the job order(s) at issue in this action, their claims for reimbursement of certain expenses and/or for certain wages are limited or barred pursuant to 20 CFR

§655.122.

## SECOND DEFENSE

Defendants' actions were done in good faith and so they plead the provisions of 29 USC § 260 in bar to or limitation of claims made by any Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"), to the extent that the NCWHA incorporates the standards, definitions, or other content of the FLSA.

## THIRD DEFENSE

Defendants plead the defense of preemption in response to Plaintiffs' claims under the NCWHA and/or under the law of contracts. Specifically, Defendants allege that the FLSA preempts Plaintiffs' claims to the extent that they seek recovery under the overtime or minimum wage provisions of the NCWHA.

## FOURTH DEFENSE

To the extent applicable, Defendants plead the exemptions or exclusions contained in the FLSA and the NCWHA for agricultural employees including, but not limited to, those set out at N.C. Gen. Stat. § 95-25.14(a)(2), 29 USC §213(a)(6), 29 USC §213(b)(12), 29 USC §213(b)(16), 29 USC §207(g) and 29 USC §207(m) in bar to or limitation of Plaintiffs' claims against them under the FLSA and, as applicable, the NCWHA.

## FIFTH DEFENSE

Defendants plead all applicable statutes of limitation or statutes of repose in bar to Plaintiffs' claims including, but not limited to, the statutes of limitation set out at N.C. Gen. Stat. § 95-25.22(f) and at 29 USC § 255. Further, Defendants deny that any conduct by them was willful for purposes of determining the statute of limitations under the FLSA. Defendants specifically plead the statute of limitations as to any FLSA claim by any potential collective action member who has not signed a consent or similar form within two years after any alleged failure to properly pay them by the Defendants. In particular, Defendants plead the statute of limitations in bar to any claim by Plaintiffs related to work performed during the 2019 agricultural season.

## SIXTH DEFENSE

Defendants plead lack of standing on the part of the Plaintiffs to the extent that they are not members of the class or collective action groups that they seek to represent in this action.

## SEVENTH DEFENSE

Plaintiffs allege that they were parties to a contract with all of the Defendants and attempt to state claims for breach of that contract. To the extent that Plaintiffs also then attempt to assert claims against Defendants based on tort theories, those tort claims are barred by the economic loss rule, wholly or in part.

## EIGHTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs seek to assert claims on behalf of any employees or other persons who are exempt from the FLSA, NCWHA, or other applicable statute or regulation.

## NINTH DEFENSE

Plaintiffs' claims under the applicable statute(s) are barred to the extent that Plaintiffs, or other persons on whose behalf Plaintiffs seek to assert a claim, have submitted or participated in preparing false and/or otherwise inaccurate time reports, field tally sheets, or other documents or records.

## TENTH DEFENSE

Plaintiffs' claims are barred or limited to the extent that they have been paid all amounts due.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred to the extent they seek to recover compensation for activities that are non-compensable.

## TWELFTH DEFENSE

Some of the activities for which Plaintiffs allegedly were not compensated involve only insubstantial or insignificant periods of time, or are *de minimus*, and are not compensable under any applicable law or regulation.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred to the extent they seek to assert claims on

behalf of individuals who are not similarly situated with respect to matters alleged in the Complaint. Defendants deny that the named Plaintiffs are suitable representatives of any class of persons and deny that the named Plaintiffs' allegations are typical of any other persons' claims.

## FOURTEENTH DEFENSE

Defendants plead the affirmative defenses of credit, set-off, and recoupment to Plaintiffs' claims to the extent that any of them has already been paid some or all of the amounts sought in this litigation or to the extent that any of them owes money to one or more of the Defendants. This includes, but is not limited to, recoupment related to reimbursements paid for travel, visa, meal, lodging, and/or related expenses where the Plaintiffs or any of the persons they seek to represent in this action did not remain in the United States for half of the agricultural season.

## FIFTEENTH DEFENSE

To the extent that Plaintiffs or any of the persons they seek to represent in this action seek recovery of any transportation or subsistence expenses incurred after their separation from employment, Defendants plead the provisions of 29 CFR § 655.122(n) as a bar to such a claim due to job abandonment.

## SIXTEENTH DEFENSE

Defendants plead the terms of any contract or agreement with the named Plaintiffs or the persons that they seek to represent as a bar to, or

limitation of, the claims against them.

WHEREFORE, having answered each and every allegation contained in the Plaintiffs' Complaint, Defendants make the following prayer for relief:

1. That Plaintiffs recover nothing from the Defendants and that Plaintiffs' claims against them be dismissed with prejudice;

2. That the costs of this action, including attorneys' fees, be taxed against the Plaintiffs;

3. That this Court deny Plaintiffs' request to certify this case as either a class or collective action;

4. That this Court deny Plaintiffs' requests for liquidated damages, exemplary damages, declaratory or injunctive relief, costs, and attorneys' fees;

5. That this Court deny Plaintiffs' requests to certify them as representatives of the purported class(es) or sub-class(es);

6. For a trial by jury of all issues contested issues of facts; and

7. For such other relief as the Court may deem just and proper.

This the 27th day of January 2023.

/s/ F. Marshall Wall
F. MARSHALL WALL
N. C. Bar No. 26804
Cranfill Sumner LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone:   (919) 828-5100
Facsimile:   (919) 828-2277
Email:        mwall@cshlaw.com
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5: 22-cv-00491-BO-RN

| | |
|---|---|
| CRISTOBAL LOPEZ LOPEZ, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **Certificate of Service** |
| | ) |
| BOYKIN FARMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

I hereby certify that on the 27th day of January 2023 the foregoing *Answer* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of this filing and an electronic copy of the same to all counsel of record registered with the CM/ECF system:

Clermont F. Ripley
clermont@ncjustice.org
Carol L. Brooke
carol@ncjustice.org
Jonathan Wall
jwall@greensborolaw.com
*Attorneys for Plaintiffs*

/s/ F. Marshall Wall
F. MARSHALL WALL
N. C. Bar No. 26804
Cranfill Sumner LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
Email: mwall@cshlaw.com
*Attorneys for Defendants*

23