IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-491-BO-RN

CRISTOBAL LOPEZ LOPEZ and )
GILBERTO FLORES LOZANO, *on behalf* )
*of themselves and all other similarly* )
*situated persons,* )
             Plaintiffs, )
              )
v. )          O R D E R
              )
BOYKIN FARMS, INC., RHODES )
FARMING, LLC, WILLIE C. BOYKIN, III,)
MATTHEW Z. RHODES, TONY C. LEE, )
d/b/a LEE AND SONS FARMS, )
CAMERON LEE, d/b/a LEE AND SONS )
FARMS, and CLINT LEE, d/b/a LEE AND )
SONS FARMS, )
             Defendants. )

This cause comes before the Court on plaintiffs' motion for conditional certification of collective action, for disclosure of contact information for potential opt-in plaintiffs, and to distribute court-approved notice pursuant to 29 U.S.C. § 216(b). Defendants have responded, plaintiffs have replied, and the motion is ripe for ruling. For the reasons that follow, plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs, two Mexican migrant farm workers, filed this suit on behalf of themselves and others similarly situated pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*. Plaintiffs allege that they and others were employed by defendants pursuant to temporary foreign worker visas (H-2A visas) and they were not timely reimbursed for the costs of their visas and travel to North Carolina, were not paid the promised wage rate, had their passports and Social

Security cards confiscated, were not paid for all hours worked, and were illegally charged for their meals while in North Carolina. The named plaintiffs were allegedly not paid for the time they spent driving their co-workers, conducting safety checks of their vehicles, or overtime. Plaintiffs contend defendants' actions violated state and federal wage and hour laws as well as their employment contracts with defendants.[1]

In the instant motion, plaintiffs seek to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b). The proposed collective would be defined in two parts as

> Persons who held H-2A visas and worked for one or more of the defendants in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing through the date of final judgment, and who were not reimbursed for all of their H-2A related expenses (travel, visa, hotel, meals, and/or border crossing costs) during their first workweek resulting in average hourly pay below the minimum wage, and who timely file a written consent to be a party pursuant to 29 U.S.C. § 216(b) ("FLSA Reimbursement Collective Action").

> Persons who held H-2A visas and worked for one or more of the defendants in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date of final judgment, and were not compensated at the minimum wage rate during some workweeks because they were paid an inadequate piece rate, were not paid for travel time between fields, and/or were required to kick back part of their wages for illegal meal charges and who timely file a written consent to be a party pursuant to 29 U.S.C. § 216(b) ("FLSA Underpayment Collective Action").

[DE 25].

Defendants have responded in opposition, arguing that plaintiffs have not shown that they are similarly situated to other potential collective action members in either the Reimbursement Collective Action class or the Underpayment Collective Action class, and that the definition of the Reimbursement Collective Action is improper. Defendants further contend that, should the Court

---

[1] In their complaint, plaintiffs also seek to certify a Fed. R. Civ. P. 23 class with respect to their North Carolina Wage and Hour Act and breach of contract claims. This motion concerns only plaintiffs' FLSA collective action claims.

2

grant plaintiffs' motion, substantial changes are needed to plaintiffs' proposed Order and Notice.

## DISCUSSION

The FLSA allows employees to maintain an action against an employer for unpaid minimum wages and overtime pay on behalf of themselves and all others similarly situated. 29 U.S.C. § 216(b). An employee who desires to participate in an FLSA collective action must "give [] his consent in writing to become . . . a party. . . ." *Id.* There are two requirements for the certification of an FLSA collective action. First, the proposed class members must be "similarly situated." *Id.* Second, the class members must "opt-in" by filing their consent to suit. *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011).

At the first, "notice" step of the process, the Court determines whether the plaintiff and potential opt-in plaintiffs are sufficiently "similarly situated" to warrant notice being given to allow potential plaintiffs to opt-in and to proceed as a collective action through discovery; at this initial stage, a lenient standard applies. *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006) ("Because the court has minimal evidence, this determination is made using a fairly lenient standard.") (internal quotation and citation omitted). Putative class members are "similarly situated" for purposes of § 216(b) if they "raise a similar legal issue as to coverage, exemption, or nonpayment of minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions . . . ." *De Luna–Guerrero v. N.C. Grower's Ass'n, Inc.*, 338 F.Supp.2d 649, 654 (E.D.N.C. 2004) (citations omitted). However, "their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination." *Romero*, 796 F. Supp. 2d at 705.

The second step of the two-step approach has been described as follows:

3

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-*i.e.* the original plaintiffs-proceed to trial on their individual claims.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (internal footnote omitted)).

Plaintiffs allege that the defendants employed common schemes that affected all of the H-2A workers. As is described in the declarations of the named plaintiffs, in 2019, 2020, and 2021, defendant Boykin Farms recruited workers in Mexico to travel on H2-A visas to harvest produce in North Carolina. Plaintiffs and other workers paid for their visas as well as their own travel and expenses and were not reimbursed during the first workweek. If they were reimbursed later in the season, it was not enough to cover all costs. The named plaintiffs further describe not being paid according to their contracts, not being reimbursed for time traveling between fields, being required to pay for their meals during the working season, which were frequently inadequate and unhygienic, and further being required to pay for their meals while traveling back to Mexico. Both plaintiffs contend that these conditions were present for themselves and other H2-A workers. [DE 26-1; 26-2].

The Court finds that the named plaintiffs and putative members of the collective action are similarly situated, and that defendants' arguments to the contrary are unavailing. Defendants contend that the named plaintiffs do not show that they have ever spoken to coworkers regarding their payments or reimbursements, but at this stage plaintiffs' general contentions are sufficient, bearing in mind that the "standard for conditional certification is fairly lenient and requires

4

'nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 469 (E.D.N.C. 2010) (citation omitted).

Defendants further contend that specific factual issues which require resolution for individual collective members make certification improper. As this Court has held, however, "that some damage calculations may require some individualized inquiry" is not a basis upon which to deny conditional certification. *Gonzalez-Rodriguez v. Gracia*, No. 5:21-CV-406-BO, 2023 WL 2450170, at *3 (E.D.N.C. Feb. 6, 2023). Finally, defendants' argument as to the named plaintiffs' individual unpaid driving-time claims has no bearing on the Court's decision that plaintiffs and the putative class members are similarly situated.

The Court next considers defendants' objections to one of the proposed definitions and the proposed notice. Plaintiffs' proposed Reimbursement Collective Action definition appears to include the restriction that the Court imposed in *Gonzalez-Rodriguez* to recognize that defendants would be liable for the failure to reimburse visa expenses during the first workweek "to the extent these expenses reduced Plaintiffs' first week's wages below the minimum wage." *Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 707 (E.D.N.C. 2009). For consistency, however, the Court will adopt the language included in *Gonzalez-Rodriguez* concerning the same definition. Accordingly, the Reimbursement Collective Action definition is amended as follows:

> Persons who held H-2A visas and worked for one or more of the Defendants in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing through the date of final judgment, and who were not reimbursed for all of their H-2A related expenses (travel, visa, hotel, meals, and/or border crossing costs) during their first workweek such that they were paid less than the minimum wage during that workweek, and who timely file a written consent to be a party pursuant to 29 U.S.C. § 216(b) ("FLSA Reimbursement Collective Action").

The Court will permit the six-month notice and opt-in period requested by plaintiffs due to

5

the fact that the opt-in plaintiffs are migrant farmworkers who primarily reside in Mexico and may not speak English. The Court will further require defendants to provide plaintiffs with 1) full name, 2) dates of employment, 3) employer ID, 4) passport numbers, 5) U.S. and Mexico addresses, 6) cell phone and WhatsApp numbers, and 7) date of birth to facilitate sending the notice. *See Gonzalez-Rodriguez*, 2023 WL 2450170, at \*5.

## CONCLUSION

Accordingly, plaintiffs' motion [DE 25] is GRANTED. The Court conditionally certifies this action as a FLSA collective action pursuant to 29 U.S.C. § 216(b) as follows:

> Persons who, in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action, held H-2A visas and were not reimbursed for all of their H-2A related expenses (travel, visa, hotel, meals, and/or border crossing costs) during their first workweek such that they were paid less than the minimum wage during that workweek, and who timely file a written consent to be a party pursuant to 29 U.S.C. § 216(b) ("FLSA Reimbursement Collective Action").

> Persons who, in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action, who held H-2A visas and who were not compensated at the minimum wage rate during some workweeks because they were paid a piece rate, were not paid for travel time between fields, and/or were required to kick back part of their wages for illegal meal charges and who timely file a written consent to be a party pursuant to 29 U.S.C. § 216(b) ("FLSA Underpayment Collective Action").

The Court authorizes the Notice attached as Exhibit 1 to plaintiffs' motion for distribution in English and Spanish to potential opt-in plaintiffs by U.S. mail after defendants have provided the contact information requested in the motion and authorizes the information in the notice to be distributed by text, WhatsApp, Facebook, and website posting. The Court also orders defendants to post the notice in English and Spanish at all kitchens and employer-provided housing for H-2A farmworkers under the ownership or control of any of the defendants

6

within two weeks of entry of this Order, and further orders the defendants to provide the notice to current employees working as cooks with their paychecks within two weeks of entry of this Order.

The Court further approves the Consent to Join Form, attached as Exhibit 2 to plaintiffs' motion, for distribution to the putative members of the collective action. The date limiting the preliminary joinder of opt-in plaintiffs filing Consent to Sue forms shall be six (6) months from the date on which the complete addresses and names of putative class members are produced by defendants in accordance with this Order.

Defendants are hereby ORDERED to provide plaintiffs with the full names, date(s) of employment, employer ID, passport numbers, U.S. and Mexico addresses, cell and WhatsApp numbers (U.S. and Mexico), and dates of birth of all putative collective action members on an Excel document or other computer-readable file. This production shall be made within two weeks of the date of entry of this Order.

SO ORDERED, this 25 day of October 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE