IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-491-BO-RN

| | |
|---|---|
| CRISTOBAL LOPEZ LOPEZ and GILBERTO FLORES LOZANO, on behalf of themselves and all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> BOYKIN FARMS, INC., RHODES FARMING, LLC, WILLIE C. BOYKIN, III, MATTHEW Z. RHODES, TONY D. LEE, d/b/a LEE AND SONS FARMS, TONY CAMERON LEE, d/b/a LEE AND SONS FARMS, and CLINT LEE, d/b/a LEE AND SONS FARMS, <br><br> Defendants. | **LEE DEFENDANTS' REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO LEE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

NOW COME Defendants Tony D. Lee, Tony Cameron Lee, and Clint Lee (all also "d/b/a Lee and Sons Farms" and collectively the "Lee Defendants") and hereby submit their Reply to Plaintiffs' Brief in Opposition to Lee Defendants' Motion for Partial Summary Judgment ("Plaintiffs' Opposition Brief") (DE 87). By submitting this limited reply, the Lee Defendants do not concede that Plaintiffs are correct in any argument advanced in Plaintiffs' Opposition Brief- all of which the Lee Defendants dispute- and further stand on and ask the Court to consider and adopt the arguments made not only in their Motion for Partial Summary Judgment, supporting memorandum of law, and Statement of Material Facts (DE 62, 63, 64), but also those made in Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (DE 84) and in any responsive pleading made by the Boykin/Rhodes Defendants.

I.  **CLINT LEE SHOULD NOT BE HELD JOINTLY AND SEVERALLY LIABLE FOR ANY ALLEGED, BUT DENIED, VIOLATION OF LEE AND SONS OR ANY DEFENDANT.**

Plaintiffs argue that Clint Lee should be held jointly and severally liable "for the violations of Lee and Sons and the other Defendants". In support of this argument, Plaintiffs only state that, because Clint Lee is a general partner in Lee and Sons[1], he is liable for any violations by Lee and Sons. In making this argument Plaintiffs not only ignore that the undisputed material facts establish that Clint Lee was not an employer (*see* DE 64 Lee Defendants SUF ¶ 13; DE 63 Lee Defendants' Memorandum of Law in Support of Motion for Partial Summary Judgment, Section VII), but additionally obfuscate the simple and unsurmountable legal hurdle that, because Lee and Sons Farms, a partnership that can be sued, has not been named as a defendant in this action or otherwise made a party by service of process, Lee and Sons Farms is not subject to judgment or a finding of liability in this action as set forth more fully by the Defendants in DE 84, Section VI. Thus, for these reasons, Clint Lee cannot be held liable for any alleged, but denied, violation by Lee and Sons or any other Defendant.

II. **ANY TIME SPENT BY PLAINTIFFS DRIVING TO AND FROM THE HOUSING TO THE FIELDS IS NOT COMPENSABLE.**

As discussed in full in Lee Defendants' Memorandum of Law in Support of Motion for Partial Summary Judgment (DE 63) and in Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (DE 84), the Portal to Portal Act does not require compensation for employees while they are: "(1) walking, riding, or traveling to, and from the

---

[1] Any argument by Plaintiffs that, when they have said Lee and Sons throughout the course of this litigation and defined "Farm Defendants" in their Motion for Partial Summary Judgment (DE 69) as only the three farms (no individual defendants), including Lee and Sons, is disingenuous and a blatant attempt to avoid the consequences of not including Lee and Sons as a defendant in this action. Additionally, it is clear that Plaintiffs mean Lee and Sons because their argument is based on Clint Lee's role as a general partner in Lee and Sons, not on any argument that he is somehow liable for the actions of the other partners in Lee and Sons. Therefore, the court should reject any such attempt by Plaintiffs to belatedly remedy their failure to include Lee and Sons as a defendant.

actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to set up principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences or subsequent to the time on any particular workday at which he ceases, such principal activity or activities." 29 USC § 254(a). Plaintiffs attempt to evade this well-established law by making sweeping generalizations and cherry-picking bits and pieces of statements of the law to essentially fit a square peg, i.e. their driving claims, in the round hole that is the law.

In support of this misplaced effort to make the driving to and from where Plaintiffs live in the H-2A housing to the fields a "principal activity" of their employment, Plaintiffs rely heavily on *Segovia v. Fuelco Energy LLC*, 2022 WL 4545756, at *17 (W.D. Tex. Sept. 28, 2022) - an unreported case from Texas- which is not binding on this Court. In their Response, Plaintiffs state that the court in *Segovia* "found that driving was a principal activity" and then provide a quote from the *Knowles* found in the *Segovia* opinion. However, when providing that quote, the court in *Segovia* was merely stating there that "Plaintiffs rely on *Knowles v. United States*, 29 Fed. Cl. 393 (1993) to support their position that driving co-workers 'is compensable work'" and included a quote of the case law from *Knowles* on which the plaintiff in Segovia was relying. Contrary to what Plaintiffs would have this Court believe, that quote was not the court's holding and reasoning in *Segovia*. In fact, the court in *Segovia* specifically <u>rejected</u> the *Knowles* case as being governing law because "*Knowles* is distinguishable in that the "action [was] brought under certain provisions of the Federal Employees Pay Act ("FEPA") granting entitlement to overtime pay," rather than the FLSA." *Segovia v. Fuelco Energy LLC*, 2022 WL 4545756, at *17 (W.D. Tex. Sept. 28, 2022). Here, like in *Segovia*, the Court should not use the quoted reasoning from *Knowles* as governing

law or guidance in the case at hand because, just as in *Segovia*, the claims in this case are not brought under the FEPA so that *Knowles* is distinguishable and not governing law.

Moreover, Plaintiffs' reliance on *Segovia* is further misplaced and falls flat because, in *Segovia* the court found the evidence showed the defendants hired plaintiffs to perform work not only at the gas wells sites or customer sites but also at its "yard" "where they performed substantial work activities, including preparing for travel to the well site and loading tools and supplies" and "[s]ome work in the yard would constitute an independent workday that included cleaning and maintaining defendant's vehicles and equipment, pre-loading vehicles and trailers, and cleaning and maintaining the shop and grounds on the yard." *Id.* at *15. Here, unlike in *Segovia*, there is no evidence before the Court showing that Plaintiffs were hired to or did any substantial work activity loading tools and supplies or cleaning or maintaining the trucks and equipment, pre-loading vehicles and trailers or cleaning and maintaining the H-2A housing or housing grounds. Accordingly, Plaintiffs' "principal activity" was not driving. They were in the United States on H-2A visas that allowed (and required) them to perform agricultural work. While they may have performed other tasks, their principal activity of performing agricultural work is undisputed.

In their Response, Plaintiffs also have failed to address or distinguish the governing and reported North Carolina case law cited by the Lee Defendants in their Memorandum of Law in Support of Motion for Partial Summary Judgment (DE 63) and in Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (DE 84) wherein courts have evaluated this issue on several occasions, both under the NCWHA and the FLSA. *See Whitehead v. Sparrow Enterprise, Inc.*, 167 N.C. App. 178, 605 S.E.2d 234 (2004); *Hyman v. Efficiency Inc.*, 167 N. C. App. 134, 605 S.E. 2d 254 (2004); *Leverette v. Labor Works International, LLC*, 180 N.C. App. 102, 636 S.E.2d 258 (2006). Because the Lee Defendants have previously discussed the holdings of these three cases at length in DE 63 and 84, they

will not burden the Court by again setting forth that analysis but instead request that the Court consider and adopt the arguments made therein. Nevertheless, when the analysis from these cases is considered- which again Plaintiffs have failed to address or distinguish in their Response- the resulting conclusion is that Plaintiffs' driving of any co-worker to and from the fields was not a principal activity, and that Lee and Sons – again not a defendant in this action- is not required to pay them for driving to and from the fields at the beginning and the end of the workday.

Finally, although Plaintiffs have argued that their driving time is compensable work under the NCWHA, and incorrectly argue that the Portal to Portal language and law requiring driving to be a principal activity before it can be compensable does not apply to the NCWHA. However, Plaintiff make an incorrect statement of the law. Contrary to what Plaintiffs state in their Response, the applicable North Carolina law is that "[t]ime spent traveling to work is only compensable under the PPA **and NCWHA** if it is a principal activity of the employee. *Leverette v. Lab. Works Int'l, LLC*, 180 N.C. App. 102, 110, 636 S.E.2d 258, 264 (2006) (citing *Whitehead,* 167 N.C. App. at 191, 605 S.E.2d at 242).

Furthermore, the *Dinkel v. MedStar Health, Inc.* case cited by Plaintiffs in their NCWHA argument is from the United States District Court for the District of Columbia and not a reported case so is not binding on this Court. On top of that, the *Dinkel* case is distinguishable from the case at hand. There, the Court engaged in an depth analysis of the definitions and provisions of the District of Columbia Minimum Wage Act ("DC–MWA") and stated that its analysis "must begin with the language of the DC–MWA". *Dinkel v. MedStar Health Inc.*, No. 2015 WL 5168006, at *3 (D.D.C. Sept. 1, 2015).

Specifically, the Court in *Dinkel* looked at the DC-MWA's definition of "working time" which states that includes all the time the employee: (A) Is required to be on the employer's premises, on duty, or at a prescribed place; (B) Is permitted to work; (C) Is required to travel

in connection with the business of the employer; or (D) Waits on the employer's premises for work *Id.* ( citing D.C. Code. § 32–1002(10)) and found that the DC-MWA itself further states that "[i]interpretations of what constitutes working time shall be made in accordance with Title 29 of the Code of Federal Regulations, Part 785, Hours Worked Under the Fair Labor Standards Act of 1938, as amended, except that references to interpretations of the Portal–to–Portal Act shall have no force and effect." *Id.* There is no such definition in the NCWHA similar to that of "working time" in the DC-MWA and none that refers to travel time, and similarly, to the undersigned's knowledge, there is no provision in the NCWHA excepting interpretations of the Portal-to-Portal Act as there is in the DC-MWA.

For the reasons set forth herein and in the Lee Defendants' Motion for Partial Summary Judgment, supporting memorandum of law and Statement of Facts (DE 62, 63, 64), and those made in Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (DE 84), the Lee Defendants respectfully submit that they are entitled to summary judgment on Plaintiffs' claims for compensation for driving or travel time between the housing and the fields.

### III. THERE IS NO CONTRACT REQUIRING THE LEE DEFENDANTS TO PAY PLAINTIFFS FOR THE TRANSPORTATION OF OTHER H-2A WORKERS.

Plaintiffs admit that, when driving activities are not covered by the Portal to Portal Act, the Act only provides an exception where there is a contract promising such compensation. (DE 87, p. 13). Here, the undisputed facts show that there is no contract promising Plaintiffs compensation for driving and there is not testimony or evidence showing that there is even an unwritten contract between Plaintiffs and the Lee Defendants promising such compensation.

Plaintiffs clearly understand there is no contract and, for this reason, ask the Court to essentially rewrite the contract to add terms and conditions based on Plaintiffs'

misapprehension of what the Lee Defendants intended or incorrectly extrapolating the contracts must have meant, when the contracts themselves are clear and unambiguous. Plaintiffs, in fact, have not alleged the contracts are ambiguous or unclear.

What Plaintiffs would have this Court do would eviscerate the long-established law of contracts that:

> It is the general law of contracts that the purport of a written instrument is to be gathered from its four corners, and the four corners are to be ascertained from the language used in the instrument. When the language of the contract is clear and unambiguous, construction of the agreement is a matter of law for the court and the court cannot look beyond the terms of the contract to determine the intentions of the parties."

*N. Carolina State Bar v. Merrell*, 243 N.C. App. 356, 370–71, 777 S.E.2d 103, 114 (2015)(quoting *Bank of Am., N.A. v. Rice,* 230 N.C. App. 450, 455–56, 750 S.E.2d 205, 209 (2013) (quoting *Stovall v. Stovall,* 205 N.C. App. 405, 410, 698 S.E.2d 680, 684 (2010))).

The Lee Defendants respectfully submit that the Court should decline Plaintiffs' request that it rewrite the contracts to find that there is a provision or legal obligation requiring the Lee Defendants to pay Plaintiffs for the driving. Instead, as is required by the well-established law of contracts, the Court should only look within the four corners of the contracts, which reveals there is no contract provision wherein Defendants are contractually obligated to compensate Plaintiffs for the driving in question. Because the exception to the Portal to Portal Act where there is a written contract in place promising compensation for driving does not apply, the Lee Defendants should be granted summary judgment on Plaintiffs' driving claims as set forth in their Motion for Summary Judgment and supporting memorandum of law.

IV. **THE TWO-YEAR STATUTE OF LIMITATIONS IS APPROPRIATE.**

The Lee Defendants stand on their previous arguments that a two-year statute of

Case 5:22-cv-00491-BO-RN   Document 97   Filed 05/05/25   Page 7 of 10

7

limitations is applicable in this case.

      Respectfully submitted, this, the 5th day of May, 2025.

**CRANFILL SUMNER LLP**

/s/ Elizabeth C. King
F. Marshall Wall
N. C. Bar No. 26804
MWall@cshlaw.com
Elizabeth C. King
N. C. Bar No. 30376
eking@cshlaw.com
Post Office Box 27808
Raleigh, NC 27611-7808
Telephone: (919) 828-5100
Fax: (919) 828-2277
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-491-BO-RN

| | |
|---|---|
| CRISTOBAL LOPEZ LOPEZ and GILBERTO FLORES LOZANO, on behalf of themselves and all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> BOYKIN FARMS, INC., RHODES FARMING, LLC, WILLIE C. BOYKIN, III, MATTHEW Z. RHODES, TONY D. LEE, d/b/a LEE AND SONS FARMS, TONY CAMERON LEE, d/b/a LEE AND SONS FARMS, and CLINT LEE, d/b/a LEE AND SONS FARMS, <br><br> Defendants. | **CERTIFICATE OF SERVICE** |

    The undersigned hereby certifies that on May 5th, 2025, the foregoing *Lee Defendants' Reply to Plaintiffs' Brief in Opposition to Lee Defendants' Motion for Partial Summary Judgment* was electronically filed with the Clerk of the United States District Court for the Eastern District of North Carolina using the CM/ECF system which will send notification of this filing and an electronic copy of same to all counsel of record as follows:

| | |
|---|---|
| Clermont F. Ripley <br> clermont@ncjustice.org <br> Carol L. Brooke <br> carol@ncjustice.org <br> Jonathan Wall <br> jwall@greensborolaw.com <br> *Attorneys for Plaintiffs* | Kieran J. Shanahan <br> kieran@shanahanlawgroup.com <br> *Attorney for Boykin Farms, Inc. and Willie C. Boykin, III* <br><br> Luther D. Starling, Jr. <br> lewstarling@dwlslaw.com <br> *Attorney for Defendants Rhodes Farming LLC and Matthew Z. Rhodes* |

CRANFILL SUMNER LLP

/s/ Elizabeth C. King
F. Marshall Wall
N. C. Bar No. 26804
MWall@cshlaw.com
Elizabeth C. King
N. C. Bar No. 30376
eking@cshlaw.com
Post Office Box 27808
Raleigh, NC 27611-7808
Telephone: (919) 828-5100
Fax: (919) 828-2277
*Attorneys for Defendants*