IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-491-BO-RN

CRISTOBAL LOPEZ LOPEZ and )
GILBERTO FLORES LOZANO, *on behalf* )
*of themselves and all other similarly* )
*situated persons,* )
                Plaintiffs, )
                 )
     v. )                        O R D E R
                 )
BOYKIN FARMS, INC., RHODES )
FARMING, LLC, WILLIE C. BOYKIN, III,)
MATTHEW Z. RHODES, TONY D. LEE, )
d/b/a LEE AND SONS FARMS, )
CAMERON LEE, d/b/a LEE AND SONS )
FARMS, and CLINT LEE, d/b/a LEE AND )
SONS FARMS, )
                Defendants. )

This cause comes before the Court on a motion for partial summary judgment filed by defendants Tony D. Lee, d/b/a Lee and Sons Farms, Tony Cameron Lee, d/b/a Lee and Sons Farms, and Clint Lee, d/b/a Lee and Sons Farms (the Lee defendants). [DE 62]. Plaintiffs have responded [DE 87], and the Lee defendants have replied [DE 97]. Also pending and ripe for disposition is plaintiffs' motion for partial summary judgment. [DE 69]; [DE 84]; [DE 93]. A hearing on the matters was held before the undersigned on June 11, 2025, at Raleigh, North Carolina. In this posture, the motions are ripe for disposition. For the reasons that follow, the motions for partial summary judgment are denied.

BACKGROUND

Plaintiffs, two Mexican migrant farm workers, filed this suit on behalf of themselves and others similarly situated pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et*

*seq.*, and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-26.6, and for breach of contract. Plaintiffs, Cristobal Lopez Lopez and Gilberto Flores Lozano, instituted this action by filing a complaint on December 2, 2022. They allege putative class and collective action claims against defendants, for whom plaintiffs allege that they and others worked under H-2A visas. The Court has granted the motion for summary judgment filed by the Boykin and Rhodes defendants.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When deciding cross-motions for summary judgment, a court considers each motion separately and resolves all factual disputes and competing inferences in the light most favorable to the opposing party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court must ask "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The Court has considered the cross-motions and determines that genuine issues of material fact prevent entry of partial summary judgment in favor of plaintiffs or the Lee defendants.

2

## CONCLUSION

Accordingly, the cross-motions for summary judgment [DE 62]; [DE 69] are DENIED. This action is REFERRED to United States Magistrate Judge Robert Numbers to conduct a court-hosted settlement conference prior to the scheduling of the trial. If the case does not settle, it will be set for trial during the Court's December 2025 term.

SO ORDERED, this **23** day of September 2025.

_Terrence Boyle_

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3