IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-491-BO-RN

CRISTOBAL LOPEZ LOPEZ and )
GILBERTO FLORES LOZANO, *on behalf* )
*of themselves and all other similarly* )
*situated persons,* )
              Plaintiffs, )
               )
v. )              O R D E R
               )
BOYKIN FARMS, INC., RHODES )
FARMING, LLC, WILLIE C. BOYKIN, III,)
MATTHEW Z. RHODES, TONY D. LEE, )
d/b/a LEE AND SONS FARMS, )
CAMERON LEE, d/b/a LEE AND SONS )
FARMS, and CLINT LEE, d/b/a LEE AND )
SONS FARMS, )
              Defendants. )

This cause comes before the Court on plaintiffs' motion to certify a class under Fed. R. Civ. P. 23 [DE 52] and defendants Tony Lee, Cameron Lee, and Clint Lee's (Lee defendants) motion to decertify the Fair Labor Standards Act collective action. [DE 66]. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing on the matters was held before the undersigned on June 11, 2025, at Raleigh, North Carolina. In this posture, the motions are ripe for disposition. For the reasons that follow, plaintiffs' motion is granted and the Lee defendants' motion is denied.

BACKGROUND

The Court dispenses with a full recitation of the background of this action, as the parties are well-familiar with the case. On October 25, 2023, the Court conditionally certified a collective action under the Fair Labor Standards Act (FLSA) as follows:

> Persons who, in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action, held H-2A visas and were not reimbursed for all of their H-2A related expenses (travel, visa, hotel, meals, and/or border crossing costs) during their first workweek such that they were paid less than the minimum wage during that workweek, and who timely file a written consent to be a party pursuant to 29 U.S.C. § 216(b) ("FLSA Reimbursement Collective Action").

> Persons who, in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action, who held H-2A visas and who were not compensated at the minimum wage rate during some workweeks because they were paid a piece rate, were not paid for travel time between fields, and/or were required to kick back part of their wages for illegal meal charges and who timely file a written consent to be a party pursuant to 29 U.S.C. § 216(b) ("FLSA Underpayment Collective Action").

The Lee defendants now seek to decertify the collective action. Four H-2A workers filed opt-in notices, but only three ever worked for the defendants in this case. Thus, there are three opt-in plaintiffs: Jorge Alberto Rebolloza Garcia (Jorge Garcia), Orlando Eliseo Rebolloza Gutierrez (Orlando Gutierrez), and Juan Antonio Torres Rebolloza (Juan Rebolloza). All worked as H-2A workers at Lee and Sons Farms. Jorge Garcia worked in 2021 and 2022. Orlando Gutierrez worked in 2020 and 2021. Juan Rebolloza worked in 2020 and 2021.

The Lee defendants argue that the collective action should be decertified because only three opt-in plaintiffs filed notices and only one of those has any claim that survives the statute of limitations; because the named plaintiffs do not have any viable claims; and because material differences in the opt-in plaintiffs' circumstances preclude collective resolution of their claims. Plaintiffs oppose decertification.

Plaintiffs seek certification of North Carolina Wage and Hour Act and contract classes pursuant to Fed. R. Civ. P. 23. Plaintiffs argue that there are common questions and answers which can resolve the claims of the class members and predominate over individual issues, that plaintiffs'

claims are typical of the claims of the class members, and that the named plaintiffs are adequate representatives. The Lee defendants oppose Rule 23 class certification.

## DISCUSSION

A. Motion to decertify FLSA collective action

As this Court has held in this case, certification of a collective action under the FLSA proceeds in two steps. The first step was completed when the Court conditionally certified the collective action. The second step of the two-step approach has been described as follows:

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-*i.e.* the original plaintiffs-proceed to trial on their individual claims.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (internal footnote omitted)).

In this context, "similarly situated" has been interpreted to mean "similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." *De Luna-Guerrero v. N. Carolina Grower's Ass'n, Inc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) (citation omitted). "Deciding whether to decertify is fact intensive and requires the court to consider: '(1) the factual and employment settings of individual plaintiffs; (2) whether defendants have presented individualized defenses; and (3) fairness and procedural considerations.'" *Sandoval-Zelaya v. A+ Tires, Brakes, Lubes, & Mufflers, Inc.*, No. 5:13-CV-810-D, 2017 WL 4322404, at *5 (E.D.N.C. Sept. 28, 2017) (cleaned up, citation omitted).

3

As to defendants' arguments regarding the statute of limitations, the Court has denied plaintiffs' and the Lee defendants' cross-motions for summary judgment, leaving a determination of willfulness, and thus whether a two or three year statute of limitation applies, for a jury. *See* 29 U.S.C. § 255(a). The Court will not, therefore, decertify based on defendants' statute of limitations arguments.

Additionally, the Court agrees with plaintiffs that the small number of opt-ins weighs against decertification, as fairness and the efficiencies of pooling claims are supported by proceeding with a collective action. The opt-in plaintiffs and named plaintiffs remain similarly situated with regard to their employment – they were all H-2A workers who were employed by the Lee defendants and actually worked for the Lee defendants. That any actual hours worked or any amounts due to the opt-in plaintiffs may differ does not require decertification. *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011). The Lee defendants have not presented any individualized defenses which would support decertification.

Accordingly, as the relevant factors do not weigh in favor of decertification, the motion to decertify the FLSA collective action is denied.

B. Motion to certify Rule 23 classes and subclasses

Plaintiffs seek certification of three classes and subclasses pursuant to Fed. R. Civ. P. 23(b)(3). Plaintiffs further seek approval of notice to the class. Plaintiffs propose the following classes and subclasses:

Plaintiffs define the 2020 Contract Class as: All individuals who worked for one or more of the Defendants pursuant to the Defendants' April 2020 H-2A Contract.

Plaintiffs define the 2021 Contract Class as: All individuals who worked for one or more of the Defendants pursuant to the April 2021 H-2A Contract.

Plaintiffs define the North Carolina Wage and Hour (NCWHA) Class as: All individuals who were employed or jointly employed by Defendant Lee and Sons Farms on an H-2A visa at any time between December 2, 2020 and December 31, 2022 and who were not paid the promised wage for one or more workweeks.

Plaintiffs also seek to certify three subclasses of the NCWHA Class. Plaintiffs define the subclasses as:

Piece-Rate Subclass: All NCWHA Class members who were paid by the piece which resulted in pay below the promised wage for one or more workweek.

Reimbursement Subclass: All NCWHA Class Members who worked in 2021 and were paid less than the promised wage in the first workweek because they were not reimbursed for their inbound transportation expenses in their first paycheck.

Mealplan Subclass: All NCWHA Class Members who were required to purchase a weekly meal plan which brought their weekly pay below the promised age.

Federal Rule of Civil Procedure 23 governs class certification. "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) "Under Rule 23(a), the party seeking certification must demonstrate, first, that '(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Wal-Mart Stores*, 564 U.S. at 345 (quoting Fed. R. Civ. P. 23(a)). These requirements are often described as numerosity, commonality, typicality, and adequacy. Furthermore, where, as here, certification is sought under Rule 23(b)(3), the plaintiff must also show that "the questions of law or fact common

5

Case 5:22-cv-00491-BO-RN    Document 101    Filed 09/23/25    Page 5 of 10

to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The pertinent factors to consider under Rule 23(b)(3) include the difficulties in managing a class action, the desirability of concentrating the claims in a particular forum, the extent and nature of litigation already begun by or against the class members, and the class members' interests in individually controlling the prosecution of their claims or defenses. *Id.* 23(b)(3)(A)-(D). The plaintiffs bear the burden to demonstrate that class certification is warranted. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

The Court considers first whether plaintiffs have satisfied the Rule 23(a) requirements. The Lee defendants argue that plaintiffs have not established commonality or typicality and that plaintiffs are not adequate representatives.

*Numerosity*

There is no specific number required to maintain a class action. *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984). This circuit has permitted class certification of a class of as few as eighteen people. *Durham v. City of Charlotte*, No. 3:21-CV-00638-RJC-DSC, 2024 WL 4279513, at *12 (W.D.N.C. Sept. 24, 2024). Plaintiffs assert that the 2020 contract class includes approximately ninety-three people and the 2021 contract class includes approximately eighty-eight people. Plaintiffs have established numerosity.

*Commonality*

A finding of commonality requires a class plaintiff to show that the class members' claims "depend upon a common contention capable of classwide resolution." *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 113 (4th Cir. 2013) (internal quotation omitted) (quoting *Wal-Mart Stores*, 564 U.S. at 350). "Although the rule is phrased in terms of common questions, 'what

6

matters to class certification is the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation.'" *G.T. v. Bd. of Educ. of Cnty. of Kanawha*, 117 F.4th 193, 202 (4th Cir. 2024) (cleaned up, quoting *Wal-Mart Stores*, 564 U.S. at 350).

The named plaintiffs and the contract class members share questions of law and fact. As the Lee defendants correctly argue, "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury," not just a violation of the same law. *Wal-Mart Stores*, 564 U.S. at 349-350 (2011). Plaintiffs have done so here. Each plaintiff and putative class member worked under the same alleged contract, the H-2A clearance order, for the years identified. The terms of the contract were the same, and, if the contract was violated, the fact that individual damages may differ does not defeat commonality.

The same is true for plaintiffs' NCWHA claims: for those putative class members who are part of the specific subclasses, their individual damages may vary but the harm suffered, if proven, will be the same for each member of the class. Plaintiffs have demonstrated commonality.

*Typicality*

Typicality requires a showing that the "representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996); *see also Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998) ("as goes the claim of the named plaintiff, so go the claims of the class.") (citation omitted).

Plaintiffs' claims and the putative class members' claims arise under the same contracts and are based on the same course of conduct of the Lee defendants. Their claims are based on the same legal theories, and plaintiffs have established typicality.

*Adequacy*

Adequacy of representation requires that the class representative plaintiff not have interests which are materially adverse to the class. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625 (1997); *Sharp Farms v. Speaks*, 917 F.3d 276, 295 (4th Cir. 2019) (class representatives must fairly and adequately protect interests of class). The putative class representatives must also "have a sufficient interest in the outcome of the case to ensure vigorous advocacy". *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 315 (E.D. Va. 2007) (citation omitted). The adequacy of representation factor tends to merge with the typicality and commonality requirements. *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006). The adequacy of representation factor further provides a basis upon which to consider the adequacy of proposed class counsel. *Amchem Prod.*, 521 U.S. at 626 n. 20; *see also* Fed. R. Civ. P. 23(g).

Plaintiffs have established that they do not have interests adverse to the class, they possess a financial stake in the outcome, and they have otherwise participated in this litigation and prosecuted their claims. The Lee defendants make only general arguments against a finding of adequacy, contending that many of plaintiffs' claims are not cognizable, and have not questioned the motives of the named plaintiffs or their ability to represent the class. Nor has there been any suggestion that class counsel is not adequate. Plaintiffs have established their adequacy as class representatives.

Finally, the members of the putative classes are ascertainable based on the Lee defendant's payroll records and H-2A documentation.

As to the Rule 23(b) requirements, the Lee defendants argue that plaintiffs have not demonstrated predominance. The Court disagrees. Rule 23(b)(3) requires that common issues of law and fact predominate over individual issues, but that there may be some individual issues does

8

Case 5:22-cv-00491-BO-RN    Document 101    Filed 09/23/25    Page 8 of 10

not overcome predominance of common issues. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016). Plaintiffs proceed under theories of liability which are based on common practices by defendants and will, if demonstrated, apply many if not all class members – the failure to properly reimburse for inbound travel, the failure to keep adequate time records, the failure to pay the minimum statutory wage for all hours worked, and requiring meal plans not contemplated by the parties' H-2A contract. The same evidence can be used to resolve the issue of liability of all class members, and plaintiffs have shown that common questions predominate. *See Pontones v. San Jose Rest. Inc.*, No. 5:18-CV-219-D, 2019 WL 5680347, at *8 (E.D.N.C. Oct. 31, 2019).

Additionally, utilizing a class action is superior to handling the claims of the class members individually. Here, the class members are temporary, migrant workers, and based on "the relatively small amount of the wage claims in this case, no individual class member could have any reasonable financial capability to pursue this litigation on an individual basis." *Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F. Supp. 2d 117, 131 (E.D.N.C. 2011).

Accordingly, plaintiffs have demonstrated that class certification is appropriate. Defendants have not challenged the proposed notice to the class members. The Court takes no issue with the proposed class and subclass notices as provided by plaintiffs, except that they reference the Boykin and Rhodes defendants, who have been dismissed from this action. Plaintiffs shall prepare a revised notice to submit for the Court's approval not more than fifteen (15) days from the date of entry of this order.

## CONCLUSION

For the forgoing reasons, the motion to decertify the FLSA collective action [DE 66] is DENIED. Plaintiffs' motion to certify Rule 23 classes and subclasses and to approve class notice [DE 52] is GRANTED. The following classes and subclasses are hereby certified:

The 2020 Contract Class: All individuals who worked for the Lee defendants pursuant to the April 2020 H-2A Contract.

The 2021 Contract Class: All individuals who worked for the Lee defendants pursuant to the April 2021 H-2A Contract.

The North Carolina Wage and Hour (NCWHA) Class as: All individuals who were employed by the Lee defendants on an H-2A visa at any time between December 2, 2020 and December 31, 2022 and who were not paid the promised wage for one or more workweeks.

The Piece-Rate Subclass: All NCWHA Class members who were paid by the piece which resulted in pay below the promised wage for one or more workweek.

The Reimbursement Subclass: All NCWHA Class Members who worked in 2021 and were paid less than the promised wage in the first workweek because they were not reimbursed for their inbound transportation expenses in their first paycheck.

The Mealplan Subclass: All NCWHA Class Members who were required to purchase a weekly meal plan which brought their weekly pay below the promised age.

Plaintiffs shall prepare a revised notice to submit for the Court's approval not more than fifteen (15) days from the date of entry of this order.

SO ORDERED, this 23 day of September 2025.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE