IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO: 5:22-cv-491-BO-RN

CRISTOBAL LOPEZ LOPEZ and GILBERTO )
FLORES LOZANO, *on behalf of themselves and all* )
*other similarly situated persons* )
                                Plaintiffs )
v. )
 )
BOYKIN FARMS, INC., RHODES FARMING, )
LLC, WILLIE C. BOYKIN, III, MATTHEW Z. )
RHODES, TONY D. LEE, d/b/a LEE AND SONS )
FARMS, TONY CAMERON LEE, d/b/a LEE )
AND SONS FARMS, and CLINT LEE, d/b/a LEE )
AND SONS FARMS, )
 )
                                Defendants. )

## ORDER

Before the Court is the Joint Motion for Preliminary Approval of FLSA Settlement and Class Settlement, Approval of Notice Plan, and Scheduling of Final Hearing ("Joint Motion") (DE 112) of Cristóbal Lopez Lopez and Gilberto Flores Lozano ("Class Representatives" or "Named Plaintiffs") in the above-captioned action, on behalf of themselves and the Fair Labor Standards Act ("FLSA") Collective Action members and the members of the certified Rule 23 classes and subclasses ("Class Members"), on the one hand, and Tony D. Lee, Tony Cameron Lee, and Clint Lee, all d/b/a Lee and Sons Farms (collectively "Lee and Sons," or "Defendants"), on the other hand.

The terms of this motion are set forth in the Settlement Agreement attached to the Joint Motion. DE 112-1.

1

Having reviewed the parties' Joint Motion and Joint Memorandum in support thereof, the Court now FINDS, CONCLUDES, DECREES, and ORDERS as follows:

1. **Jurisdiction**. This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation.

2. **Preliminary Approval of Settlement Agreement**. A proposed settlement must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Fourth Circuit engages in separate inquiries for fairness and adequacy. First, for fairness, courts in the Fourth Circuit should consider: "(1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of [] class action litigation." *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991).

To proceed to notice, a court must find that "[it] will likely be able to . . . approve the proposal under [Fed. R. Civ. P.] 23(e)(2)[] and certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1). This settlement comes after three years of adversarial litigation, including collection of evidence through depositions, affidavits, and written discovery, a mediation, complete briefing of the parties' cross motions for summary judgment, and settlement negotiations following this Court's order of September 26, 2025. DE 102. Given the lengthy litigation and settlement discussions, the court does not have any concerns about "possible collusion among the settling parties." *In re Jiffy Lube Sec. Litig.*, 927 F.2d at 159. Accordingly, the Court finds that the proposed settlement was negotiated at arm's length and satisfies fairness.

For adequacy, courts look at (1) the costs, risks and delay of trial and appeal, (2) the effectiveness of the proposed distribution plan, and (3) the fair terms of the proposed attorney's fees

2

award. Fed. R. Civ. P. 23(e)(2)(C). Settlement of this case at this point will allow the parties to avoid the time and costs of trial, which would involve considerable expense related to the need for the named Plaintiffs to apply for permission to travel to the U.S. from Mexico. *See, e.g.,* DE 105, 106. If appeals followed a trial result, it could be several years before the class members saw any result. Settling this case now will allow class members to recover their damages sooner, and without the risk of recovering nothing after trial.

The proposed settlement accounts for the potential difficulties in reaching class members in Mexico, and the perceived difficulty in proving and/or defending some of the claims at trial. The parties will select a Settlement Administrator who is experienced in the special needs of this settlement disbursement.

The Settlement Agreement allows for attorneys' fees and costs to be paid from the settlement fund. The amount of attorneys' fees, equal to 33% of the settlement fund ($100,991.90), will be requested at the fairness hearing. The Plaintiffs represent that this amount is considerably below the lodestar figure and compensates for three years of litigation in this case. Accordingly, pursuant to Fed. R. Civ. P. 23(e)(2), the Court finds that it will likely be able to approve the proposed attorneys' fees amount.

The proposed settlement constitutes a successful outcome for the parties. The proposed total settlement fund will be $305,000, of which $175,956.96 will be distributed to class members. The parties have found a fair method of distribution for any funds, through which each class member will be paid (1) 95% of their calculated damages for the alleged failure to pay them the correct wage rate when they are compensated by the piece and (2) 65% of their calculated damages for the alleged failure to reimburse them for travel expenses in the first workweek. While they are not receiving compensation for their claims that they were required to

3

purchase meals, the evidence and damages are uncertain with respect to that claim. The proposed settlement treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D).

The Class Representatives will receive an extra service award of $5,000 each for their role in the case, while the three Opt-In Plaintiffs will receive $300 each as service awards. The Class Representatives will also receive compensation for their individual claims related to alleged work performed driving their co-workers ($5,708.74 to Plaintiff Lopez Lopez and $1,704.63 to Plaintiff Flores Lozano) and for their 2020 individual reimbursement claims under the Fair Labor Standards Act ($277.21 for Lopez Lopez and $278.42 for Flores Lozano). The individual damages have been discounted in the same manner as the class damages.

The Settlement Agreement also provides for a consent decree that provides additional relief for at least some Class and Subclass members.

The Court preliminarily finds that the proposed Consent Decree and service awards sought by the plaintiffs in this case are appropriate, and the Court will make a final determination as to entry of the Consent Decree and approval of these awards during or after the final fairness hearing in this case. The Court also preliminarily finds that the *cy pres* recipient is appropriate, and will make a final determination at the final fairness hearing.

**2. Fair Labor Standards Act Claims.** A court should approve a settlement when it is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982). "There is a presumption in favor of approving a settlement as fair, but court review is appropriate to ensure fairness to the parties." *In re Dollar Gen. Stores FLSA Litig.*, No. 5:09-MD-1500, 2011 WL 3904609 at *2 (E.D.N.C. Aug. 23, 2011). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate

4

indicator of the fairness of the settlement". *Velasquez-Monterrosa v. Mi Casita Restaurants*, 2017 U.S. Dist. LEXIS 239109, at *18 (E.D.N.C. Sept. 22, 2017).

To determine whether a settlement agreement is fair and reasonable, courts in this District consider several factors, including:

(1) The extent of discovery that has taken place;
(2) The stage of the proceedings, including the complexity, expense, and likely duration of the litigation;
(3) The absence of fraud or collusion in the settlement;
(4) The experience of counsel who have represented the plaintiffs;
(5) The probability of [the] plaintiffs' success on the merits; and
(6) The amount of the settlement in relation to the potential recovery.

*In re Dollar Gen.*, 2011 WL 3904609 at *2.

The Court has addressed the extent of discovery that has taken place, the stage of the proceedings, the absence of collusion in the settlement, the experience of counsel, and the probability and achievement of the plaintiffs' success above. In its class certification decision, it determined that counsel have the experience required for FLSA representation. DE 101. Any of the alleged minimum wage violations would also have brought the Opt-In Plaintiffs below the Adverse Effect Wage Rate and are thus accounted for in the class settlement of their NCWHA claims, which is discussed above. The named Plaintiffs have FLSA claims for 2020 that are not covered by the NCWHA for which they are being compensated at a reasonable amount. Accordingly, the Court finds that the proposed Settlement Agreements resolve the FLSA claims of the Plaintiffs and Opt-In Plaintiffs.

**3. Class Notice and Notice Distribution Plan.** "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). "The notice must clearly and concisely state in plain, easily understood language" the following:

5

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under [Fed. R. Civ. P.] 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The parties' plan to distribute notice and communicate with class members in a variety of ways accommodates for foreseeable challenges in providing notice to non-English speaking migrant farmworkers. The proposed class notice clearly states that this is a "class action." Fed. R. Civ. P. 23(c)(2)(B)(i). It clearly addresses the required questions by explaining: the claims in the lawsuit, who is a part of the settlement, that a class member may hire a lawyer at their own expense if they want to be represented by their own lawyer, that class members can object or exclude themselves from the settlement, that being a member of the settlement class means that you cannot sue the defendants, and that the Court's orders will apply to members and legally bind them. It will be provided in Spanish. Accordingly, the Court finds that the proposed form, content, and method of giving notice to the Settlement Classes will likely satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B). Non-material modifications to the notices may be made with approval by the parties but without further order from the Court.

**4. Final Fairness Hearing.** "If the propos[ed settlement] would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e)(2). Having found that all of the requirements for preliminary approval of the settlement have been satisfied, and because the proposal would bind class members, the Court will hold a final fairness hearing at **2:00 p.m.** on **March 16, 2026,** at the courthouse in **Elizabeth City**. Fed. R. Civ. P. 23 (e)(2). The deadline for class members to opt in or to exclude

6

Case 5:22-cv-00491-BO-RN    Document 114    Filed 01/06/26    Page 6 of 8

themselves via U.S. Mail must be postmarked at least 21 days prior to the fairness hearing. The deadline to opt out or for exclusion via WhatsApp message will be 7 days prior to the fairness hearing.

The fairness hearing shall be conducted for the following purposes: (a) to finally determine whether the proposed settlements on the terms and conditions provided for therein are fair, reasonable, and adequate to the Settlement Classes and should be approved by the Court; (b) to determine whether the service awards and *cy pres* recipient shall be approved; (c) to determine whether a Judgment should be entered dismissing this action with prejudice against the defendants; (d) to determine whether the motion by plaintiffs' counsel for attorneys' fees and reimbursement of litigation expenses should be approved; (e) to determine whether the Consent Order is approved, and (f) to consider any other matters that may properly be brought before the Court in connection with the settlement. Notice of the final fairness hearing shall be given to the Settlement Classes as set forth in the approved notice plan.

The Court may adjourn or continue the final fairness hearing and related deadlines without further written notice to the Settlement Classes. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

The parties shall submit a motion for final approval in advance of the hearing.

**5. Use of Order.** This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or if the Judgment does not become final, as described in the Settlement Agreements. If the settlements are terminated as provided in the Settlement Agreements, the settlements are not approved, or the effective date of the settlements otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as

7

otherwise provided by the Settlement Agreements, and this Order shall be without prejudice to the rights of the Representative Plaintiffs, the other settlement class members and defendants, and the parties shall revert to their respective provisions as provided in the Settlement Agreements.

The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

Accordingly, the joint motion (DE 112) is GRANTED.

IT IS SO ORDERED.

This, the _____ day of January, 2026.

Terrence W. Boyle
United States District Judge