FILED IN OPEN COURT  LD
ON 3/16/2026
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

[illegible]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO: 5:22-cv-491-BO-RN

CRISTOBAL LOPEZ LOPEZ and GILBERTO )
FLORES LOZANO, *on behalf of themselves and all* )
*other similarly situated persons* )
)
)
Plaintiffs )
v. )
)
BOYKIN FARMS, INC., RHODES FARMING, )
LLC, WILLIE C. BOYKIN, III, MATTHEW Z. )
RHODES, TONY D. LEE, d/b/a LEE AND SONS )
FARMS, TONY CAMERON LEE, d/b/a LEE )
AND SONS FARMS, and CLINT LEE, d/b/a LEE )
AND SONS FARMS, )
)
Defendants. )
)

## ORDER

Before the Court is the Consent Motion for Final Approval of the Parties' FLSA Settlement and Class Settlement and Entry of Consent Order ("Consent Motion") (DE 115) of Cristóbal Lopez Lopez and Gilberto Flores Lozano ( "Class Representatives" or "Named Plaintiffs") in the above-captioned action, on behalf of themselves and the Fair Labor Standards Act ("FLSA") Collective Action members and the members of the certified Rule 23 classes and subclasses ("Class Members"), on the one hand, with the consent of Tony D. Lee, Tony Cameron Lee, and Clint Lee, all d/b/a Lee and Sons Farms (collectively "Lee and Sons," or "Defendants"), on the other hand.

The Court, having reviewed the Named Plaintiffs' Consent Motion for Final Approval of the Parties' FLSA Settlement and Class Settlement and Entry of Consent Order and considered the arguments made during the Final Approval Hearing, hereby GRANTS the Plaintiffs' Motion.

## I.    BACKGROUND

1

The Named Plaintiffs instituted this action by filing a complaint on December 2, 2022, on behalf of themselves and others similarly situated pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-26.6, and for breach of contract based on their H-2A job contracts. DE 100 p. 1-2. They alleged claims against Boykin Farms, Inc., Rhodes Farming, LLC, Willie C. Boykin, III, Matthew Z. Rhodes, Tony D. Lee, d/b/a Lee and Sons Farms, Cameron Lee, d/b/a Lee and Sons Farms, and Clint Lee, d/b/a Lee and Sons Farms. DE 1. The Named Plaintiffs allege that they were paid less than the promised wage rate required in the H-2A program, known as the Adverse Effect Wage Rate or AEWR, and the FLSA minimum wage because they were paid on a piece rate basis without regard to the hours worked and because they were not reimbursed for inbound visa and transportation expenses. DE 1. They also allege that their pay was reduced below the required wage rate because they were required to purchase a weekly meal plan. *Id.* Finally, they allege that these practices and others violated their employment contracts contained in the H-2A job order. *Id.* The Court granted the motion for summary judgment filed by the Boykin and Rhodes defendants, DE 99, leaving only Tony D. Lee, Cameron Lee and Clint Lee (the "Lee Defendants").

This Court conditionally certified two collective actions on October 25, 2023. Those collective actions are:

> Persons who, in any pay period falling within the three chronological years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action, held H-2A visas and were not reimbursed for all of their H-2A related expenses (travel, visa, hotel, meals, and/or border crossing costs) during their first workweek such that they were paid less than the minimum wage during that workweek, and who timely file a written consent to be a party pursuant to 29 U.S.C. § 216(b) ("FLSA Reimbursement Collective Action").

> Persons who, in any pay period falling within the three chronological years

immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgment is entered in this action, who held H-2A visas and who were not compensated at the minimum wage rate during some workweeks because they were paid a piece rate, were not paid for travel time between fields, and/or were required to kick back part of their wages for illegal meal charges and who timely file a written consent to be a party pursuant to 29 U.S.C. § 216(b) ("FLSA Underpayment Collective Action").

DE 32. Three former H-2A employees of the Lee Defendants joined the action as FLSA opt-in plaintiffs: Jose Alberto Rebolloza Garcia, Orlando Eliseo Rebolloza Gutierrez, and Juan Antonio Torres.[1] DE 40-1, 44-1, 45-1, 46-1. The Court denied the Lee Defendants' motion to decertify the FLSA collective action. DE 101.

This case was certified as a Class Action against the Lee Defendants and the Named Plaintiffs were approved as Class Representatives. DE 101. The classes and subclasses certified by the Court[2] are:

**2020 Contract Class**: All individuals who worked directly for Lee and Sons pursuant to the April 2020 H-2A Contract.

**2021 Contract Class**: All individuals who worked directly for Lee and Sons pursuant to the April 2021 H-2A Contract.

**NCWHA Class**: All individuals who were directly employed by Lee and Sons on an H-2A visa at any time between December 2, 2020 and December 31, 2022 and who were not paid the promised wage for one or more workweeks.

> **Piece-Rate Subclass**: All NCWHA Class Members who were paid by the piece which resulted in pay below the promised wage for one or more workweek.

> **Reimbursement Subclass**: All NCWHA Class Members who worked in 2021 and were paid less than the promised wage for one or more workweek because they were not reimbursed for their inbound transportation expenses in their first paycheck.

---

[1] A fourth individual, Jose Juan Espinoza Salazar, also filed a consent to join but his claims are outside of the statute of limitations under the FLSA.

[2] The definitions here are the slightly revised class definitions approved by the Court after its initial certification. DE 103, 104.

**Meal Plan Subclass**: All NCWHA Class Members who were required to purchase a weekly meal plan which brought their weekly pay below the promised wage.

DE 103, 104.

On January 6, 2026, the Court preliminarily approved the Class Representatives and Lee Defendants' proposed Class Settlement and FLSA Settlement and directed the Parties to send Notice to the class members. DE 114. Notice was provided, and no one objected to the proposed settlement before or during the Final Approval Hearing. One class member asked to be excluded. Brinkley Decl., ¶ 12 and Exh. C., DE 116-1.

## II.    FINAL APPROVAL OF CLASS SETTLEMENT

Rule 23(e) requires court approval for a class action settlement so that it is procedurally and substantively fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). "Courts in this circuit bifurcate the analysis into consideration of fairness, which focuses on whether the proposed settlement was negotiated at arm's length, and adequacy, which focused on whether the consideration provided the class members is sufficient." *Ciarciello v. Bioventus, Inc.*, 760 F. Supp.3d 377, 395 (M.D.N.C. 2024).

The Court finds that the proposed settlement terms are fair because the settlement was negotiated at arm's length. This case settled after three years of adversarial litigation, including collection of evidence through depositions, affidavits and extensive written discovery, a mediation, complete briefing of the parties' cross motions for summary judgment, and settlement negotiations following this Court's order of September 26, 2025. DE 102. The Court finds that there has been no fraud or collusion in the settlement, and that Plaintiffs' counsel are experienced litigators who have adequately represented the Plaintiffs, the Opt-Ins, and the Class Members.

4

The Court also finds that the proposed settlement terms are adequate. The proposed settlement accounts for the perceived difficulty in proving and/or defending some of the claims at trial and takes into account the relative strength of the claims and defenses. It allows the Class Members to receive a sum certain without the risk, delay, and cost of trial. The settlement also takes into account the potential difficulties in reaching class members in Mexico. Finally, there has been no opposition to the settlement by any class members.

The proposed Service Awards of $5,000 to each of the Named Plaintiffs and $300 to each of the Opt-in Plaintiffs are reasonable in light of their assistance for the class in securing the settlement, including participating in depositions and the mediation.

The Court also finds that the Parties have provided timely and adequate notice to the class members of the terms of the Settlement Agreement, as well as the applicable dates and procedures for objecting to the settlement or asking to be excluded. A settlement website was established and notice was sent by WhatsApp and text messaging. Information regarding the settlement was also distributed by Class Counsel and the Mexican Consulate by Facebook. No objections to the terms, or the Settlement Agreement's final approval by this Court, have been received from any Plaintiff class member.

III. APPROVAL OF THE FLSA SETTLEMENT

As described in the Court's preliminary approval order, DE 114, the settlement of the FLSA claims of the Named Plaintiffs and Opt-in Plaintiffs is a fair and reasonable resolution of a bona fide dispute. The Court finds that the settlement accounts for the alleged minimum wage violations and the disagreement between the parties regarding those alleged violations. The FSLA settlement is approved.

## IV. CY PRES RECIPIENT

The Court approves NC FIELD, Inc., as the *cy pres* recipient of remaining settlement funds as described below in section X.

## V. ATTORNEYS' FEES AND COSTS

The Settlement contemplates a payment of $100,991.90 in attorneys' fees. This amount represents a significant discount from the actual fees calculated using the lodestar method and is also reasonable under the percentage recovery method, calculated at 33% of the total settlement fund. Class Counsel has achieved a meaningful result for class members and possess the requisite skills and qualifications. There were no objections from class members to the fees requested. The litigation involved complex areas of law, and any attorney fee was contingent on a successful outcome. The costs incurred were reasonable and necessary. In addition to the monetary terms of the settlement, Class Counsel negotiated significant non-monetary relief. The Court therefore finds that attorney's fees provided for in the Settlement Agreement are reasonable and approves the payment of $100,991.90 in attorneys' fees and $9,182.14 in costs.

## VI. CONSENT ORDER

The Consent Order included in the Settlement Agreement provides meaningful non-financial benefits for class members who are currently working for the Lee Defendants, or who will work for them in the future. As such, the Court approves the Consent Order attached to the Motion and retains jurisdiction over this Action as provided for in the Consent Order.

## VII. MONETARY RELIEF

If no appeal is filed from a final order in this case, then ten days after the entry of this Order, the terms of this monetary relief shall take effect. The Lee Defendants shall pay into a

6

Settlement Fund the total amount of $305,000 within ten business days of the Court's Order granting final approval of the Settlement.

Of this total amount, $175,956.96 will be distributed to Class Members as follows:

a) The total amount of Eighty Thousand Seven Hundred and Fifty-nine Dollars and 41/100 ($80,759.41) shall be for the **2020 Contract Class Members** who do not opt out of the Settlement, according to the amounts listed next to each individual's name in the column labeled 2020 Contract Damages in the Plan of Allocation, attached as Exhibit 1 to the Settlement Agreement.

b) The total amount of Seventy-six Thousand Nine Hundred and Sixteen Dollars and 62/100 ($76,916.62) shall be for the **Piece-Rate Subclass Members** who do not opt out of the Settlement, according to the amounts listed next to each individual's name in the columns labeled Piece-Rate Subclass in the Plan of Allocation. These damages are allocated half as back wages and half as liquidated damages under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.22 ("NCWHA").

c) The total amount of Eighteen Thousand Two Hundred and Eighty Dollars and 93/100 ($18,280.93) shall be for the **Reimbursement Subclass Members** who do not opt out of the Settlement, according to the amounts listed next to each individual's name in the column labeled Reimbursement Subclass in the Plan of Allocation. These damages are allocated as liquidated damages.

In addition, the following will be distributed:

d) For **Cristobal Lopez Lopez**, the total amount of Five Thousand Seven Hundred and Eight Dollars and 74/100 ($5,708.74) for his driving time claim, allocated as half liquidated damages and half back wages under the NCWHA, and Two Hundred and Seventy-seven Dollars and 21/100 ($277.21) for his 2020 reimbursement claim, allocated as liquidated damages under the FLSA, and the special payment of Five Thousand Dollars ($5,000).

e) For **Gilberto Flores Lozano**, the total amount of One Thousand Seven Hundred and Four Dollars and 63/100 ($1,704.63) for his driving time claim, allocates as half liquidated damages and half back wages under the NCWHA, and Two Hundred and Seventy-eight Dollars and 42/100 ($278.42) for his 2020 reimbursement claim, allocated as liquidated damages under the FLSA, and the special payment of Five Thousand Dollars ($5,000).

7

f) For **Jorge Alberto Rebolloza Garcia, Juan Antonio Torres Rebolloza and Orlando Eliseo Rebolloza Gutierrez**, a special payment of Three Hundred Dollars ($300) each.

g) A payment of $110,174.04 in attorneys' fees and costs to Class Counsel.

Settlement payments, communication with class members, calculating and paying tax withholdings, making any required tax filings, and distribution of tax forms will all be handled by the Settlement Administrator chosen by the Parties. In the event that there is more than Six Thousand Dollars and 00/100 Cents ($6,000) remaining in the Settlement Fund one year after the date of this Order, Class Counsel will direct the Settlement Administrator to make a second distribution of payments to those claimants who received a settlement payment as part of the first distribution. The amount remaining will be allocated on a *pro rata* basis calculated on the amounts listed in the Plan of Allocation as the Total Potential Second Distribution. No one will receive more than the amount listed in the Plan of Allocation as their Total Potential Second Distribution and if the amount any Class Member is entitled to as their share of the Second Distribution is less than Fifty Dollars ($50), they will not receive a Second Distribution. The Settlement Administrator shall use its best efforts to distribute payments as part of the Second Distribution for a period of six months. If a Second Distribution occurs, up to Five Thousand Dollars ($5,000) of the Net Proceeds remaining in the Settlement Fund may be used to pay the costs associated with the Second Distribution.

In the event that there is money remaining in the Settlement Fund after the completion of the Second Distribution, or the first distribution if there are insufficient funds remaining to trigger the Second Distribution, any funds remaining that were allocated as breach of contract damages in the Plan of Allocation will be equally divided between Defendants and NC FIELD,

Inc., the *cy pres* recipient approved by the Court. All additional remaining funds shall be distributed to NC FIELD.

The Court retains jurisdiction to consider all further applications arising out of or connected with the settlement.

IT IS SO ORDERED.

This, the 16 day of March, 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9