IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL CASE NO: 5:22-cv-491-BO-RN

| | |
|---|---|
| CRISTOBAL LOPEZ LOPEZ and GILBERTO FLORES LOZANO, *on behalf of themselves and all other similarly situated persons* | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| BOYKIN FARMS, INC., RHODES FARMING, LLC, WILLIE C. BOYKIN, III, MATTHEW Z. RHODES, TONY D. LEE, d/b/a LEE AND SONS FARMS, TONY CAMERON LEE, d/b/a LEE AND SONS FARMS, and CLINT LEE, d/b/a LEE AND SONS FARMS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## CONSENT ORDER

Plaintiffs Cristóbal Lopez Lopez and Gilberto Flores Lozano instituted this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.* ("NCWHA"), and the common law of contracts on December 2, 2022. Defendants Tony D. Lee, Tony Cameron Lee, and Clint Lee, all d/b/a Lee and Sons Farms (collectively the "Lee and Sons Defendants") have denied, and continue to deny, the allegations.

Plaintiffs and Lee and Sons Defendants hereby consent to the entry by the Court of the following Consent Order, in order to resolve their differences expeditiously, to do justice for all, and to minimize further legal expense. All parties agree that this Consent Order is being entered into for purposes of enforcement under Rule 71 of the Federal Rules of Civil Procedure and that this Consent Order will remain in place for two (2) years from the date that it is entered by the

1

Court. The terms of this Order shall apply to the Defendants, their heirs, representatives, successors, and assigns, and shall be implemented immediately where not otherwise specifically stated. The Plaintiffs and the Lee and Sons Defendants (collectively, the "Parties") have stipulated to jurisdiction of the Court over them and agree that the subject matter of this action is properly before the Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. It is understood and agreed that this settlement is the compromise of disputed claims (which the Lee and Sons Defendants have denied) and is not an admission of liability or wrongdoing by the Defendants.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action and (2) the purposes and provisions of the Fair Labor Standards Act and the North Carolina Wage and Hour Act will be promoted and effectuated by the entry of the Consent Order.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Lee and Sons Defendants will maintain records for all hours worked by their H-2A workers (including for travel between fields), including when workers are paid by the piece.

2. Lee and Sons Defendants will ensure that H-2A workers living in housing that Defendants own or rent are able to store and cook food in any camp kitchen.

3. The Lee and Sons Defendants shall issue a reimbursement to each of their H-2A workers for reasonable and necessary transportation and subsistence costs incurred from the point of recruitment to the Lee and Sons Defendants' labor camp, as well as H-2A visa costs. The amount for daily subsistence will be at least the daily meal charge approved by the Secretary of Labor. This reimbursement will be issued to each worker with the first paycheck issued after

2

the worker's arrival at the Lee and Sons Defendants' labor camp. Receipts will not be required for reimbursement. The amount of the reimbursement for travel shall be based on the most economical and reasonable common carrier charges. Air travel will not be considered economical or reasonable and will not be reimbursed.

4. If the Lee and Sons Defendants use a labor contractor to provide workers during the term of this consent order then Defendants agree to contractually require that the farm labor contractor comply with paragraphs 1-3 above.

5. This agreement will not otherwise alter the Defendants' obligations under applicable law, nor will it alter the rights and obligations of any H-2A workers who work for the Lee and Sons Defendants in the future.

6. If any time during the term of this Order, Plaintiffs(s) or a nonparty covered by this Order under Rule 71 believes that the Defendants are in violation of the Order, they shall give written notice of the alleged violation to Lee and Sons Defendants. The Defendants shall have fifteen (15) days in which to investigate and respond to the allegations. Thereafter, Plaintiff or the affected nonparty(ies) and Defendants then shall have a period of fifteen (15) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before Plaintiff(s) or the affected nonparty(ies)exercises any remedy provided by this Order.

10. The Court shall have jurisdiction to monitor the Consent Order, enter any necessary orders, and over any action to enforce the Consent Order.

3

SO ORDERED:

_3·16·26_  
Date

$\qquad$ TERRENCE W. BOYLE  
UNITED STATES DISTRICT JUDGE

The Parties jointly request that the Court approve and enter the Consent Order:

North Carolina Justice Center

/s/ Carol L. Brooke  
Carol L. Brooke  
N.C. Bar No. 29126  
Clermont Ripley  
NC Bar No. 36761  
P.O. Box 28068  
Raleigh, NC 27611  
Telephone: 919-856-2144  
Facsimile: 919-856-2144  
carol@ncjustice.org  
clermont@ncjustice.org  
Attorney for Plaintiffs

Cranfill Sumner LLP

/s/ Marshall Wall  
F. Marshall Wall  
P.O. Box 27808  
Raleigh, NC 27611-7808  
Telephone: 919-828-7808  
Facsimile: 919-828-2277  
mwall@cshlaw.com  
Attorney for Defendants Tony D. Lee,  
Tony Cameron Lee, and Clint Lee, all d/b/a  
Lee and Sons Farms

Higgins Benjamin, PLLC

/s/ Jonathan Wall  
Jonathan Wall  
N.C. Bar No. 22839  
301 N. Elm St., Suite 800  
Greensboro, NC 27401  
Telephone: (336) 273-1600  
jwall@greensborolaw.com  
Attorney for Plaintiffs

4